COURTESY COPY

FILED
U.S. ... OFFICE
U.S. DISTRICT COURT, E.D.N.Y. ECF #19
★ AUG 10 2005 ★

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

**HARRAH'S LICENSE COMPANY, LLC**

      **Plaintiff,**

-vs.-

**BEST BET LIMITED and**
**ROBERT MATALON**

      **Defendants.**

---

Case No. 05 – CV 1691 (JG)(MDG)

**FINAL JUDGMENT AND**
**PERMANENT INJUNCTION**
**ON CONSENT**



RECEIVED
AUG - 3 2005
CHAMBERS OF JUDGE GLEESON

## RECITALS

This Final Judgment and Permanent Injunction is entered into, on consent, by and among Plaintiff Harrah's License Company, LLC ("Harrah's"), a Nevada limited liability corporation, with its principal place of business at One Harrah's Court, Las Vegas, Nevada, and Defendants Best Bet Ltd., a New York corporation, with an address at 4 Ralph Avenue, Brooklyn, New York ("Best Bet") and its principal, Robert Matalon, an individual residing at 12 Kennilworth Terrace, Great Neck, New York ("Matalon").

Plaintiff Harrah's has filed a Complaint in this action alleging that Defendants Best Bet, by and through its officers, directors and employees, and Matalon knowingly and willfully have engaged in infringement of Harrah's trademarks and service marks, engaged in false designations of origin, false descriptions and false representations, common law unfair competition and federal trademark dilution of Harrah's famous marks.

This Court has entered a Temporary Restraining Order and has issued a Preliminary Injunction on Consent enjoining Defendants from importing, distributing, advertising, promoting or selling poker chips and any other products that bear certain of Harrah's trademarks and service marks.

Defendants Best Bet and Matalon now admit that they have knowingly and willfully engaged in infringement of Harrah's federally registered trademarks and service marks, engaged in false designations of origin, false descriptions and false representations, common law unfair competition and federal trademark dilution of Harrah's famous marks.

Plaintiff Harrah's and Defendants Best Bet and Matalon, being desirous of settling the claims and disputes raised or which could have been raised among them in the Action, have consented to the entry of this Final Judgment and Permanent Injunction.

Defendants Best Bet and Matalon have acknowledged that they have read the terms of this Final Judgment and Permanent Injunction, understand these terms and, by the signatures of their attorneys on this document, agree to be bound by its terms.

## FINAL JUDGMENT AND PERMANENT INJUNCTION

Based upon the foregoing recitals, and good cause having been shown;

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the following Final Judgment and Permanent Injunction in favor of Plaintiff, Harrah's License Company, LLC and against Defendants Best Bet Ltd. and Robert Matalon is granted, and such Judgment is hereby entered as the Final Judgment herein:

1. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1332, and 1338(a) and (b).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391.

3. This Court has personal jurisdiction over all parties to this action.

4. Defendants acknowledge that Harrah's is the sole owner or licensee of various famous registered and unregistered marks which include the term "HARRAH'S," "WORLD SERIES OF POKER," "WSOP," "BINION'S," "HORSESHOE CASINO" (the "HARRAH'S Marks"), and of the rights arising therefrom.

5. Defendants admit, and it is hereby HELD, that they knowingly and willfully have engaged in infringement of Harrah's trademarks and service marks, engaged in false designations of origin, false descriptions and false representations, common law unfair competition and federal trademark dilution of Harrah's famous marks by, *inter alia*, engaging in the unauthorized distribution of poker chips bearing the HARRAH'S Marks (the "Infringing Products"). It is further HELD that this is an exceptional case.

6. Defendants Matalon and Best Bet, as well as their parent, subsidiaries, affiliates, predecessors, successors, divisions, operating units, principals, officers, directors, shareholders, employees, attorneys, members, agents, heirs, representatives, spin-offs, and future assigns, and those persons in active concert or participation with any of them, are PERMANENTLY ENJOINED and RESTRAINED from knowingly or intentionally:

   a. Making any use, in any manner whatsoever, of the terms "HARRAH'S," "WORLD SERIES OF POKER," "WSOP," "BINION'S" (or "BINYON'S") or "HORSESHOE" (the "Restricted Terms"), or of the HARRAH'S Marks or the Harrah's name or any marks or names confusingly similar thereto;

   b. Making any false, misleading or disparaging statement concerning Harrah's, its products, services, distributors or dealers;

c. Publishing or distributing any promotional materials or other communication referring to Harrah's, its products, services, distributors or dealers, in any medium, including, but not limited to, the internet, television, radio, newspapers, magazines, direct mail or oral communication; and

d. Selling or distributing any Harrah's products, parts or supplies or other products, parts and supplies that claim to be compatible with Harrah's products, parts or supplies.

7. Defendants Best Bet and Matalon shall immediately refer to a representative designated by Harrah's any inquiry from customers or potential customers about Harrah's products or services, or parts and supplies intended for use with Harrah's brand products. The designated representative of Harrah's shall be:

Bruce Benson, Esq.

(702) 407-6263

or such other designee as Harrah's may provide, in writing, to Defendants Best Bet and Matalon, from time to time.

8. Defendants Matalon and Best Bet, as well as its officers, directors, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them have certified that:

a. they have destroyed all business cards, stationery, labels, signs, prints, packages, promotional materials or any other documents or thing containing printed matter of any kind bearing the Restricted Terms, the HARRAH'S Marks or the Harrah's name, in the custody, possession or control of Defendants Best Bet and Matalon, or anyone else in active concert with Defendants Best Bet and Matalon; and

b. that all of the Infringing Products that were in the Defendants' custody and control, as of April 14, 2005, have been surrendered to Harrah's counsel.

9. Defendants, when so requested by, and without compensation from Harrah's, shall fully cooperate, in any inquiry, investigation, enforcement or legal action initiated by Harrah's concerning the source or distribution of the Infringing Products by third parties.

10. In the event that Defendants fail to comply with any provisions of this Final Judgment and Injunction, Harrah's shall be entitled to recover its reasonable attorneys' fees and costs associated with the enforcement of those provisions.

11. Defendants shall provide notice to their parent, subsidiaries, affiliates, predecessors, successors, divisions, operating units, principals, officers, directors, shareholders, employees, attorneys, members, agents, heirs, representatives, spin-offs, and future assigns, and those persons in active concert or participation with any of them, of the terms of this Final Judgment and Injunction.

12. This Court shall retain jurisdiction for the limited purpose of enforcement of this Final Judgment and Permanent Injunction, as may be necessary.

13. The Clerk of this Court shall enter this Final Judgment forthwith.

This _____ day of July, 2005

                                       s/John Gleeson      8-4-05
                                       John Gleeson, U.S.D.J.
                                       United States District Court
                                       Eastern District of New York

The Parties, by Their Undersigned Attorneys,
Hereby Consent to the Entry of This Final Judgment
and Permanent Injunction.

| ALSTON & BIRD LLP | COHEN TAUBER SPIEVAK & WAGNER, LLP |
| --- | --- |
| Attorneys for Plaintiff, Harrah's License Company, LLC | Attorneys for Defendants Best Bet Ltd. and Robert Matalon |
| By: _____ | By: _____ |
| Robert E. Hanlon, Esq. | Leo L. Esses, Esq. |
| (RH-8794) | (LE-1173) |